ALFRED BARKLEY, APPELLANT, *v.* NELSON WILCOX, RESPONDENT.

*Adjoining lots — surface water — right of owner of lower lot to improve and fill.*

The plaintiff and defendant owned adjoining village lots, that of the plaintiff being higher than that of defendant. No continuous stream ran from plaintiff's lot upon that of the defendant; but in times of long rains, and when the snow melted rapidly, the water collected upon the defendant's lot. After the plaintiff had built on his lot, the defendant built on his, using the earth excavated in so doing to fill up around the foundation of the building, thereby raising his lot, so that, in wet times, the water was thrown back upon the plaintiff's lot, to the injury of his (plaintiff's) building.

In an action brought by the plaintiff to recover damages therefor, *held*, that as no water-course was shown to exist, the defendant might lawfully improve his own lot without regard to the effect of such improvement upon the building of his neighbor.

APPEAL from a judgment in favor of the defendant entered upon the report of a referee. The action was brought to recover damages for the obstruction of a water-course, and judgment was asked that defendant be required to remove certain obstructions made by him, and for a perpetual injunction. The referee reported in favor of the defendant, dismissing the complaint, without costs.

*C. E. Cuddeback*, for the appellant.

*J. M. Allerton*, for the respondent.

BARNARD, P. J. :

The parties are adjoining owners of land. The plaintiff's lot is higher than the defendant's. There was no sufficient water shed to make a continuously running stream over the lot of defendant, but in time of long rains, and upon occasions when the snow melted rapidly, there was a stream formed upon the surface of defendant's lot. The premises are village lots. The plaintiff built first upon his lot. When the defendant built he used the earth excavated from the cellar to fill up around the foundation of the house. This was judiciously done for the improvement of defendant's lot. In consequence of this filling up, the ground of defendant's lot was so raised that in wet times the water was thrown back upon plaintiff's lot, causing a serious injury to his buildings. This case seems to fall within the principle decided by this court in *Wagner* v. *The Long Island R. R. Co.* (5 N. Y. Supt. Ct. Rep. [T. & C.], 163). There was no water-course proven. There was no running stream or regular channel with banks and sides. It was held that, as matter of law, there was no water-course, and that the court erred in leaving the question to the jury to determine the fact whether it was a water-course or not.

If there was no technical water-course, then it was lawful for defendant to improve his own lot without reference to the effect such improvement would have upon water running upon it in time of freshet and melting snow. (*Phelps* v. *Nowlen*, 72 N. Y., 39; *Goodale* v. *Tuttle*, 29 id., 459; *Vanderwiele* v. *Taylor*, 65 id., 341.

The judgment should be affirmed, with costs.

DYKMAN and PRATT, JJ., concurred.

Judgment affirmed, with costs.